IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAKSHMI ARUNACHALAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 20-959-CFC |
| | ) |
| BRIAN J. MCNMARA, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I.  INTRODUCTION**

Plaintiff Lakshmi Arunachalam ("Plaintiff") commenced this action on July 17, 2020.  (D.I. 2)  She appears *pro se* and was denied leave to proceed *in forma pauperis* on July 30, 2020.  (D.I. 9)  On July 31, 2020, Plaintiff filed a motion to vacate construed by the Court as a motion for reconsideration.  (D.I. 10)  She filed two supplements to the motion that were improperly docketed as motions.  (D.I. 11, 12)

**II.  DISCUSSION**

Plaintiff asks the Court to "enter a new and different order that is constitutional." (D.I. 10 at 1)  Plaintiff contends that the Court has "made it expensive, hazardous, and burdensome for her to have access to the Court on the question of due process."  (*Id.*) Plaintiff objects to the "tone" of the order denying her leave to proceed *in forma pauperis*.  (*Id.* at 3)  In addition, Plaintiff contends that she is being punished for being poor.  (*Id.* at 3, 4)

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Plaintiff was denied leave to proceed *in forma pauperis* based upon her answers on the value of her home (*i.e.*, $735,000) and inconsistences she provided the Court. Plaintiff argues that, when compared to her monthly income, the home is not an asset, but is a liability due to mortgage payments and taxes. (D.I. 10 at 3) As indicated in

2

her second or supplemental motion to proceed *in forma pauperis*, Plaintiff reiterates in her motion for reconsideration that her local church helps her pay her bills, she is elderly, has health issues, and the government provides her three peals per day, all of which were considered. (D.I. 8-1; D.I. 10 at 4-5) Her motion states that must help her sister who suffers from breast cancer. (D.I. 10 at 4-5) Plaintiff advises the Court that she has been granted leave to proceed *in forma pauperis* by other courts and refers to those cases. (D.I. 11) She also provides a video clip about her "inspirational journey seeking constitutional redress." (D.I. 12)

Upon review of the filings in the case, the Court concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's July 30, 2020 Order.[1] Plaintiff must pay the $400 filing fee in full. See 28 U.S.C. § 1914.

### III. CONCLUSION

For the above reasons, the Court will deny the motion for reconsideration. (D.I. 10)

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

November 5, 2020
Wilmington, Delaware

---

[1] A review of the Complaint also indicates that most defendants have judicial immunity and that Plaintiff filed this action as a means to relitigate rulings made against her in other cases she has filed. See *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts).